IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW STREAM SECURED CAPITAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-10753 (MFW)<br>(Jointly Administered)<br><br>Re: Docket Nos. 12 and 86, 171 |

**SUPPLEMENTAL ORDER (I) APPROVING INTERIM DEBTOR-IN-POSSESSION FINANCING PURSUANT TO 11 U.S.C. §§ 105(a), 362, AND 364 AND FED. BANKR. P. 2002, 4001 AND 9014 AND LOCAL BANKRUPTCY RULE 4001-2; (II) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTIONS 105, 361, 362 AND 363 OF THE BANKRUPTCY CODE; (III) GRANTING ADEQUATE PROTECTION AND SUPERPRIORITY ADMINISTRATIVE CLAIMS; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

This matter having come before the Court in connection with the motion (the "Motion") of New Stream Secured Capital, Inc. ("NSSC"), New Stream Insurance, LLC ("NSI"), New Stream Capital LLC, and New Stream Secured Capital L.P., the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases, pursuant to sections 105(a), 361, 362, 363 and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 4001-2 of the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), seeking, on an interim basis pursuant to an interim order (the "Interim Order"), among other things:

> (1) authorization and approval, for NSI to obtain post-petition financing up to the aggregate principal amount of not more than $8,000,000 (the "Interim

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: New Stream Secured Capital, Inc. (3903), New Stream Insurance, LLC (6966), New Stream Capital, LLC (0364) and New Stream Secured Capital, L.P. (2948). The corporate address of the Debtors is 38C Grove Street, Ridgefield, CT 06877.

Amount Limit"),[2] on the terms and conditions set forth in the Senior Secured, Super-Priority Debtor in Possession Credit Agreement, substantially in the form attached as Exhibit A to the Motion (the "DIP Credit Agreement"), dated as of March 22, 2011, among NSI, as borrower, SSALT Fund Limited, by and through its nominee account which is Barfield Nominees Limited A/C SL101, Compass Special Situations Fund LLC, by and through its nominee account which is Barfield Nominees Limited A/C CSJ01, Compass Coss Master Limited, by and through its nominee account which is Barfield Nominees Limited A/C CSC01, and Special Situations Fund LP, as lenders (collectively, the "DIP Lenders"), and MIO Partners, Inc., as administrative agent (the "Administrative Agent") and collateral agent (the "Collateral Agent", and together with the Administrative Agent, the "Agents"), and that certain Security Agreement, between NSI and the Collateral Agent, dated as of the date hereof (the "Security Agreement"), and any control agreements, pledge agreements or other similar documents contemplated by the DIP Credit Agreement or Security Agreement (collectively, with the DIP Credit Agreement and Security Agreement, the "DIP Documents");

(2) authorization for the Debtors to enter into and perform all acts, requirements and obligations set forth in or in connection with the DIP Documents;

(3) authorization, pursuant to sections 364(c)(2) and 364(d)(1) of the Bankruptcy Code, to grant senior, first-priority, fully-perfected liens to the Collateral Agent, for the benefit of the DIP Lenders, upon all of the Collateral,

---

[2] Pursuant to the Interim Order entered by the Court on March 22, 2011, the Interim Amount Limit was modified by the Court to be an aggregate amount of not more than $4,000,000.

which DIP Liens shall prime all NSI Pre-Petition Liens and any other liens on the Collateral, other than the MIO Pre-Petition Liens, as to which the DIP Liens shall be *pari passu*;

(4) authorization, pursuant to section 364(c)(1) of the Bankruptcy Code, to grant Superpriority Claims to the Collateral Agent, for the benefit of the DIP Lenders, and to the DIP Lenders, with priority over all administrative expenses;

(5) authorization for NSI to use Cash Collateral in which the MIO-Pre-Petition Lenders and NSI Pre-Petition Lenders have an interest;

(6) authorization to grant adequate protection, including, among other things, Replacement Liens and Superpriority Claims pursuant to section 364(c)(1) of the Bankruptcy Code to the MIO Pre-Petition Lenders with respect to, *inter alia*, the DIP Liens and NSI's use of Cash Collateral and all diminution in value of the Pre-Petition Senior Collateral, which Replacement Liens and Superpriority Claims shall be junior, respectively, to the DIP Liens and Superpriority Claims granted to the Collateral Agent, for the benefit of the DIP Lenders, and to the DIP Lenders, and senior, respectively, to the Replacement Liens and Superpriority Claims granted to the NSI Pre-Petition Lenders;

(7) authorization to grant adequate protection, including, among other things, Replacement Liens and Superpriority Claims pursuant to section 364(c)(1) of the Bankruptcy Code to the NSI Pre-Petition Lenders whose liens and security interests are being primed by the Collateral Agent and DIP Lenders in connection with the DIP Facility and pursuant to the DIP Documents, and with respect to NSI's use of Cash Collateral and all diminution in value of the Pre-Petition

Subordinated Collateral; the Replacement Liens and Superpriority Claims of the NSI Pre-Petition Lenders shall be junior and subordinate in all respects to the DIP Liens and Superpriority Claims granted to the DIP Lenders and the Replacement Liens and Superpriority Claims granted to the MIO Pre-Petition Lenders;

(8) authorization subject to, and only effective upon the entry of, the Final Order granting such relief, to prohibit the Debtors' from surcharging against collateral pursuant to section 506(c) of the Bankruptcy Code;

(9) pursuant to Bankruptcy Rule 4001, an interim hearing (the "Interim Hearing") on the Motion be held before this Court to consider entry of the Interim Order; and

(10) pursuant to the Interim Order, this Court schedule a final hearing (the "Final Hearing") to consider entry of a final order authorizing and approving, on a final basis all of the relief requested in the Motion and DIP Documents on a (this "Final Order"), including authorizing NSI to obtain post-petition financing up to the aggregate principal amount of not more than $56,824,935 (the "DIP Facility").[3]

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. On March 13, 2011, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Cases") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108. Pursuant to an order of the Court, the Cases are being

---

[3] Unless otherwise indicated herein, all capitalized terms used not otherwise defined herein shall have the meanings given to such terms in the Interim Order.

4

jointly administered under the above-captioned case number. No trustee or examiner has been appointed in the Cases.

2. This Court has jurisdiction over the Cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. An Official Committee of Unsecured Creditors was appointed in the Cases on April 5, 2011.

4. The Interim Hearing was held by this Court on March 15, 2011.

5. On March 22, 2011, the Court entered the Interim Order and scheduled the Final Hearing for April 1, 2011.

6. At the conclusion of the Final Hearing, the Court extended the relief granted under the Interim Order until April 8, 2011, and adjourned consideration of entry of the Final Order until such date.

7. At the request of NSI, the Final Hearing scheduled for April 8, 2011, was adjourned until April 14, 2011, and the hearing on April 8, 2011, proceeded as a further interim hearing (the "Supplemental Interim Hearing") to consider entry of this supplemental order to the Interim Order (the "Supplemental Interim Order").

8. The Supplemental Interim Hearing was held by this Court on April 8, 2011, and all objections to entry of this Supplemental Interim Order were resolved prior to or at the Supplemental Interim Hearing or overruled by this Court.

9. Based on the foregoing, and the Court, having reviewed and considered the Motion together with all declarations and exhibits filed in support thereof, and upon the Declaration of Michael Buenzow in Support of First Day Motions, and upon the record made by

the Debtors at the Interim Hearing and the Supplemental Interim Hearing and the evidence and arguments of counsel, and after due deliberation and consideration and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that:

10. The relief granted pursuant to the Interim Order shall remain in full force and effect and is hereby extended in all respects through and until April 14, 2011, in accordance with the terms and conditions of this Supplemental Interim Order. Any objections with respect to entry of this Supplemental Interim Order that have not been withdrawn, waived or settled, are hereby denied and overruled.

11. In accordance with the provisions of the Interim Order and the DIP Credit Agreement, NSI is hereby authorized to enter into the Forbearance Agreement with the DIP Lenders and Agents in the form attached hereto as <u>Exhibit A</u>. The Forbearance Agreement shall, for all purposes, be deemed to be a "Loan Document" under the DIP Credit Agreement, and a "DIP Document" under the Interim Order and this Supplemental Interim Order.

12. The Original Budget is hereby modified and approved as set forth in <u>Exhibit B</u> hereto.

13. Subject to entry of the Final Order, the Interim Amount Limit is hereby increased to an amount not to exceed $6,000,000.

14. The Bankruptcy Court shall retain jurisdiction to enforce the provisions of the Interim Order and this Supplemental Interim Order and the rights of the parties set forth therein and herein, and this retention of jurisdiction shall survive the confirmation and consummation of any Chapter 11 plan for any one or more of the Debtors notwithstanding the terms or provisions

of any such Chapter 11 plan or order confirming such Chapter 11 plan or any order dismissing or closing the Cases.

15. The Final Hearing to consider entry of the Final Order will be held on April 14, 2011, at 3:00 p.m. prevailing Eastern time.

Dated: April 8, 2011
       Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE