1  UNITED STATES BANKRUPTCY COURT

2  DISTRICT OF DELAWARE

3  Case No. 11-10753(MFW)

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:

6

7  NEW STREAM SECURED CAPITAL, ET AL.,

8

9         Debtors.

10

11 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12

13                    United States Bankruptcy Court

14                    824 North Market Street

15                    Wilmington, Delaware

16

17                    October 28, 2013

18                    11:34 AM

19

20

21  B E F O R E :

22  HON MARY F. WALRATH

23  U.S. BANKRUPTCY JUDGE

24

25  ECR OPERATOR:  BRANDON MCCARTHY

1  HEARING re Status Conference
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Dawn South

```
 1  A P P E A R A N C E S :
 2  REED SMITH LLP
 3       Attorneys for the Plan Administrator
 4       1201 Market Street, Suite 1500
 5       Wilmington, DE 19801
 6
 7  BY:  J. CORY FALGOWSKI, ESQ.
 8       SCOTT M. ESTERBROOK, ESQ.
 9
10  STEVENS & LEE
11       Attorney for the Plan Administrator
12       1105 North Market Street
13       7th Floor
14       Wilmington, DE 19081
15
16  BY:  JOHN D. DEMMY, ESQ.
17
18  CROSS & SIMON, LLC
19       Attorney for Prime Asset Funding
20       913 North Market Street
21       11th Floor
22       Wilmington, DE 19801
23
24  BY:  CHRISTOPHER P. SIMON, ESQ.
25
```

1                P R O C E E D I N G S

2            THE COURT:  New Stream.

3            MR. FALGOWSKI:  Good morning, Your Honor, Cory

4    Falgowski from Reed Smith on behalf of the plan

5    administrator.  With me today is my partner, Scott

6    Esterbrook, he's going to give you a brief update about the

7    post-confirmation status of the estates.  And Stevens & Lee

8    is co-counsel to the plan administrator.

9            Mr. Demmy is here to give the Court an update on

10   the status of the one remaining contested matter.

11           THE COURT:  Okay.

12           MR. FALGOWSKI:  Which is the Prime Asset Funding

13   claim.

14           THE COURT:  Okay.

15           MR. FALGOWSKI:  And so I'll turn the podium over.

16           THE COURT:  Thank you.

17           MR. ESTERBROOK:  Good morning, Your Honor, Scott

18   Esterbrook, Reed Smith on behalf of Michael Benzo (ph) of

19   SGI (ph), who's the plan administrator for New Stream.

20           As a way of background, Your Honor, the plan was

21   confirmed back in April of 2012.  It went effective in May

22   of 2012, and at that time all of the assets were distributed

23   out to the two bodies of creditors, the Class A and Class B

24   creditors.

25           There really is nothing else left in the estate

1  other than approximately $3 million, 1.6 and change has been
2  reserved for the one contested claim of Prime Asset Funding,
3  and as an additional about 1.4 million that's being held by
4  the plan administrator until we resolve that last claim,
5  because the estate does continue to (indiscernible -
6  11:35:39) money for tax returns and professional fees and
7  whatnot.
8           THE COURT:  All right.
9           MR. ESTERBROOK:  So it's our expectation once that
10 claim is resolved that a final distribution can be made and
11 we can close this case.
12          So I'll turn it over to Stevens & Lee to give an
13 update on that last contested claim.
14          THE COURT:  Okay.
15          MR. DEMMY:  Good morning, Your Honor.  It's
16 interesting, three lawyers for a status conference.
17          THE COURT:  Right.
18          MR. DEMMY:  But, you know, who am I to complain.
19          In any event, we were retained just at the end of
20 May or beginning of June to -- solely for the purpose of
21 prosecuting the claim objection relating to PAF funding, and
22 there was a little bit of a ramp up time period there.
23 There was 46,000 some odd documents exchanged in discovery
24 and so forth, and we've been working through that.  We also
25 engaged in some discovery with the claimant over the summer.

1            Recently we requested a deposition of the
2    claimant's principal.  We're still talking to the claimant
3    about that.  We actually had a telephone call with their
4    counsel last week, which dealt with some discovery and other
5    related issues.
6            We are interested in pushing this thing and
7    getting it resolved in due course, but we do need to take a
8    little bit of discovery.
9            From our point of view, I'm not speaking for
10    Mr. Simon who represents the claimant, they might have a
11    different view about things, but from our point of view we'd
12    like to take the deposition of the claimant's principal, and
13    assuming that nothing out of the ordinary or unforeseen
14    occurs it's our view that we can then push forward to an
15    evidentiary hearing.
16            I will note that long before we got involved in
17    this case there was a hearing in front of Your Honor on a
18    claim objection, and in essence it was a motion to dismiss
19    the claim in which Your Honor ruled that for the purposes
20    essentially of a motion to dismiss on a 12(b)(6) basis that
21    the claimant could go forward and take discovery and that
22    ultimately we'd get to an evidentiary hearing.  So that's
23    the process that we're in right now.
24            And unless the Court has other questions, you
25    know, that's where we are.  I suppose the major question

1  would be how long?

2          THE COURT: Right.

3          MR. DEMMY: And I really don't have an answer at

4  this point, Your Honor. Our goal was to push this forward

5  and get it done as quickly as possible, but I just am

6  unwilling to commit to a time frame standing here today.

7  Maybe I could a week from now or a month from now, but not

8  today.

9          THE COURT: Well, I'd like to at least get some

10 kind of an idea of when we can get to trial on it.

11         I'll ask the parties to talk and try and get me a

12 scheduling order that -- and get some time.

13         MR. DEMMY: Yeah, we are very willing to do that.

14 Like I said, we had a call last week, which was initiated by

15 counsel for the claimant, and I give them credit for doing

16 that, and hopefully we can talk through some issues and get

17 your -- and get a better idea of a scheduling order.

18         It's just that after that call we needed to

19 evaluate the respective positions and get back to each

20 other, and we just haven't had a chance to do that yet.

21         THE COURT: All right. Well get some dates from

22 Ms. Kat (ph), because --

23         MR. DEMMY: They go quick.

24         THE COURT: Yes, they do.

25         MR. DEMMY: We will do that.

1          THE COURT:  All right.
2          MR. DEMMY:  Thank you, Your Honor.
3          THE COURT:  Mr. Simon?
4          MR. SIMON:  Good morning, Your Honor, Chris Simon
5   for the claimant, Prime Asset Funding.
6          I rise, two things.
7          One, the reserve should be I believe 1.8 million
8   for the claim, and I just want to make sure that that's
9   clear for the record.
10         Two, as you might recall we were in court last
11  about a year ago, we sought to take depositions of
12  individuals in this case who controlled the debtors, and
13  since that time each of those individuals has been indicted,
14  and we understand will not be testifying in this case.
15         So as Your Honor might recall we had kind of an
16  issue to deal with -- an evidentiary issue to deal with in
17  the fall and I'm not sure that that is -- has been resolved.
18         So I will meet with Mr. Demmy and try to figure
19  out if we can reach some accord on how to proceed, and if
20  not we'll certainly contact chambers.  But I just wanted to
21  rise and give the Court that update.
22         THE COURT:  All right.  Thank you.
23         MR. SIMON:  Thank you, Your Honor.
24     (Whereupon these proceedings were concluded at 11:40
25  AM)

Page 9

1          C E R T I F I C A T I O N

2

3   I, Dawn South, certify that the foregoing transcript is a

4   true and accurate record of the proceedings.

5

6   Dawn South   Digitally signed by Dawn South
               DN: cn=Dawn South, o, ou,
               email=digital1@veritext.com,
               c=US
               Date: 2013.10.29 12:19:48 -04'00'

7

8   AAERT Certified Electronic Transcriber CET**D-408

9

10  Veritext

11  200 Old Country Road

12  Suite 580

13  Mineola, NY 11501

14

15  Date:   October 28, 2013

16

17

18

19

20

21

22

23

24

25